John Paul JOHNSON, Appellant,

v.

The CITY OF DALLAS, Appellee.

No. 05–85–00537–CV.

Court of Appeals of Texas,
Dallas.

Dec. 13, 1985.

Rehearing Denied Jan. 17, 1986.

John Paul Johnson, pro se.

Sam A. Lindsay, Asst. City Atty., Dallas, for appellee.

Before GUITTARD, C.J., and STE-PHENS and WHITHAM, JJ.

STEPHENS, Justice.

John Paul Johnson appeals a summary judgment in favor of the City of Dallas. Johnson contends that the trial court erred in denying a permanent injunction and up-holding the suspension of his taxicab driv-er's license by the City. We agree with Johnson and reverse the judgment.

The summary-judgment evidence shows that Johnson applied to the City for a taxi-cab driver's license in March, 1984. On the application, he stated that he had been con-victed of writing bad checks and then re-leased on parole in 1982. He did not men-tion, however, that he had also been con-victed of theft and released on parole on that conviction in 1982. His application was initially approved but, upon learning of the theft conviction, the City suspended his taxicab driver's license. Johnson appealed to the Assistant City Manager, who upheld the suspension. Johnson then sought judi-cial review by the trial court, which grant-ed the City's motion for summary judg-ment.

In his first point of error, Johnson con-tends that the trial court erred in granting summary judgment because the theft con-viction is not directly related to the duties

and responsibilities of driving a taxicab as provided by state law. Article 6252–13c of the Revised Civil Statutes provides in pertinent part:

> Sec. 4. (a) A licensing authority may suspend or revoke an existing valid license ... because of a person's conviction of a felony or misdemeanor if the *crime directly relates to the duties and responsibilities of the licensed occupation.*
>
> (b) In determining whether a criminal conviction directly relates to an occupation, *the licensing authority shall consider:*
>
> .    .    .    .    .
>
> (4) *the relationship of the crime to the ability, capacity, or fitness required to perform the duties and discharge the responsibilities of the licensed occupation.*

(Vernon Supp.1985) (emphasis added).

The City cites section 45–3.2(a)(7) of the Dallas City Code which provides that to qualify for a taxicab driver's license an applicant must not "have been convicted for a crime involving ... theft ... unless five years has elapsed since the date of conviction or the date of release from confinement imposed for the conviction, whichever is the later date...." The only ground alleged for suspending the license is the theft conviction and the lapse of less than five years since Johnson's release on parole. None of the circumstances of the offense are alleged. The City contends that the statute allows it to suspend the license of a person who has been convicted of a theft offense within five years preceding the application for a taxicab driver's license. We disagree. The city ordinance is inconsistent with the statute. The statute does not authorize the licensing authority to disallow any application in which the applicant has been convicted of a theft offense within the past five years. Indeed, the statute does not provide any time frame within which an applicant must have been free of convictions. All that the statute provides is that one's license may be suspended or revoked if he or she has been convicted of a crime that directly relates to the duties and responsibilities of the licensed occupation.

■ As one of the guidelines for determining whether the crime directly relates to the duties and responsibilities of the licensed occupation, the statute provides that the licensing authority shall consider the relationship of the particular crime to the ability, capacity, or fitness required to perform the duties and discharge the responsibilities of the licensed occupation. The City has not demonstrated how all theft convictions occurring within five years before making an application for a taxicab driver's license directly relate to the ability, capacity, or fitness required to perform the duties and discharge the responsibilities of a taxicab driver.

■ We are aware that local regulation ancillary to and in harmony with the general scope and purpose of a statute is acceptable. *City of Brookside Village v. Comeau,* 633 S.W.2d 790, 796 (Tex.1982), *cert. denied,* 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982). Further, we recognize that a statute and ordinance should not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached and that it is the duty of this court to reconcile the ordinance with the statute if a fair and reasonable construction of both will leave them in concurrent operation. *City of Houston v. Reyes,* 527 S.W.2d 489, 494 (Tex.Civ.App.— Houston [1st Dist.] 1975, writ ref'd n.r.e.). We conclude, however, that the ordinance in this case is not ancillary to the statute and that the two cannot be reconciled. The ordinance is much more restrictive than the statute. The statute provides guidelines for suspending a license which the ordinance does not follow. *See Cabell's, Inc. v. City of Nacogdoches,* 288 S.W.2d 154, 159 (Tex.Civ.App.—Beaumont 1956, writ ref'd n.r.e.). Accordingly, we hold that the ordinance conflicts with the statute and, therefore, to that extent the ordinance is void. *See City of Wink v. Griffith Amusement Co.,* 129 Tex. 40, 100 S.W.2d 695, 698 (1937); *Royer v. Ritter,* 531 S.W.2d 448,

450 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.).

■ Johnson requests affirmative relief in this court, by his oral argument that his license be reinstated. Such relief cannot be granted in this appeal because Johnson filed no motion for summary judgment in the trial court. *See Hall v. Mockingbird AMC/Jeep, Inc.*, 592 S.W.2d 913, 914 (Tex. 1979).

We reverse the judgment of the trial court, since the basis for the City's suspension of Johnson's license is invalid, and remand the case with instructions to the trial court to proceed in accordance with this opinion.

Reversed and remanded.