

# THE ATTORNEY GENERAL
## OF TEXAS

December 16, 1988

JIM MATTOX
ATTORNEY GENERAL

Robert Bernstein, M.D., F.A.C.P.          Opinion No. JM-994
Commissioner
Texas Department of Health               Re:   Preemption by Texas
1100 West 49th Street                    Department of Health of
Austin, Texas   78756-3199               local ordinances regulat-
                                         ing the sale of abusable
                                         glues and aerosol paints
                                         (RQ-1480)

Dear Dr. Bernstein:

You ask:

> Does the Texas Department of Health's new authority to regulate the sale of abusable glues and aerosol paints under Article 4476-15d preempt local ordinances from controlling or prohibiting accessibility to abusable glues and aerosol paints by business patrons without assistance from business personnel?

Prior to its amendment by the 70th Legislature, subsection (f)(2) of section 4.13 of the Texas Controlled Substances Act, V.T.C.S., article 4476-15, made it an offense if a person knowingly or intentionally

> display[ed] abusable glue or aerosol paint in a business establishment in a manner that makes the abusable glue or aerosol paint accessible to patrons of the business without assistance of personnel of the business.

House Bill 173 of the 70th Legislature deleted this provision. Acts 1987, 70th Leg., ch. 753. The same bill added _inter alia_, provisions to V.T.C.S. article 4476-13a regarding offenses in connection with "inhalant paraphernalia"; provisions to article 4476-15 regarding offenses in connection with delivery of abusable glue or aerosol paint to minors; requirements to article 4476-15 that businesses selling such substances display conspicuous signs stating that it is unlawful to sell or deliver such substances to a

minor, to abuse such substances, or to use or to possess with intent to use inhalant paraphernalia, and stating penalties for such offenses. House Bill 173 also added article 4476-15d, providing for the issuance of permits by the Department of Health to sellers of abusable glues and aerosol paints.

Your request asks whether local ordinances which regulate accessibility to abusable glues and aerosol paints in business establishments are preempted in light of the provision by article 4476-15d "for the entry by the State into this field of legislation."

We have not been provided with the texts of any such existing or proposed ordinances. Also, you have not specified the types of municipalities which have adopted or propose to adopt such ordinances. Accordingly, we can offer only general guidelines with respect to the preemption issue you present, and we will not address, apart from the preemption issue, issues as to the scope of particular type municipalities' police power under state law.

A city is preempted from regulating in a field if the city's regulation is expressly prohibited, if the legislature intended state law to exclusively occupy that field, or if the city regulation conflicts with state law. Attorney General Opinions JM-790, JM-619 (1987); JM-226 (1984); H-1071 (1977).

We find no express prohibition in the Controlled Substances Act or elsewhere in state law on municipal regulation of abusable glues and aerosol paints.

Section 1.08 of the Penal Code does explicitly prohibit the enforcement of local ordinances which make "any conduct covered by [the Penal Code] an offense." That prohibition is extended to conduct made offenses by other state laws, such as the Controlled Substances Act, by Penal Code section 1.03(b). See Attorney General Opinion MW-291 (1981). The conduct of displaying abusable glues and aerosol paints is no longer covered by, or made an offense by state law, since the repeal of subsection (f)(2) of section 4.13 of the Controlled Substances Act by House Bill 173. Thus, we find no express prohibition in the Penal Code or elsewhere in state law of local ordinances regulating accessibility to abusable glues and aerosol paints.

Nor do we discern a legislative intent to exclusively occupy this field. The assertion of police power by the

state in a field does not necessarily indicate a legislative intent to preclude a city from asserting by local ordinance its police power in the same field, so long as the local ordinance is not in conflict with the state provisions. See City of Brookside Village v. Comeau, 633 S.W.2d 790 (Tex. 1982); cert. denied 459 U.S. 1087 (1982) which noted:

> The entry of the state into a field of legislation, however, does not automatically preempt that field from city regulation; local regulation, ancillary to and in harmony with the general scope and purpose of the state enactment, is acceptable.

See also, Attorney General Opinion MW-291 (1981).

State law currently requires that manufactured, delivered, or possessed abusable glues and aerosol paints contain additives to discourage abuse as designated by rule of the Department of Health; criminalizes the knowing, intentional, or reckless delivery of these abusable substances to minors; criminalizes the knowing or intentional abuse of such substances as well as the knowing and intentional use of "inhalant paraphernalia" to abuse such substances; and requires businesses selling such substances to post informational signs containing prescribed warnings. V.T.C.S. arts. 4476-13a and 4476-15, § 4.13.

Also, article 4476-15d, added by H.B. 173, provides for the issuance of permits by the Department of Health for the sale of abusable glues and aerosol paints. You suggest in your request that these latter provisions might have a preemptive effect vis a vis local ordinances regulating accessibility to such substances. The provisions of article 4476-15d require the department to issue permits to "eligible sellers." But the eligibility requirements are simply that the seller has obtained a valid sales tax permit and has applied for, and remitted the fee for, the permit. The department is authorized to adopt rules "as necessary to administer [the] article." The department's rule-making power does not extend to regulating the manner in which such substances are sold or to adding eligibility requirements for permits beyond those in the statute. See Attorney General Opinion JM-206 (1984). Article 4476-15d, together with the other statutory provisions cited above, does not appear to provide a comprehensive regulatory scheme such that we could infer a legislative intent that state law exclusively occupy the field of regulation of conduct in connection with abusable glues and aerosol paints.

Brookside Village, supra; Attorney General Opinion MW-291 (1981). See also Attorney General Opinion JM-790 (1987) (finding a legislative intent in the provisions of the Property Code to exclusively occupy the field of landlord-tenants rights, thus preempting local ordinance-making power in that field).

We also note specifically that we find no Texas authority for the proposition that the repeal of a state statutory provision, here the provision formerly in subsection (f)(2), section 4.13 of article 4476-15, indicates that the legislature intended to reserve the field previously addressed by the repealed provision from the operation of local ordinances.

Nor do we find any necessary conflict between such local ordinances and state law. "A statute and an ordinance should not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached." Johnson v. City of Dallas, 702 S.W.2d 291 (Tex. App. - Dallas 1985, writ ref'd n.r.e., ). See also City of Houston v. Reyes, 527 S.W.2d 489 (Tex. Civ. App. - Houston [1st Dist.] 1975, writ ref'd n.r.e.). So long as actual provisions of local ordinances do not have the effect of prohibiting or unreasonably restricting the sales of abusable glues and aerosol paints, which sales are clearly permitted under state law, we believe such local ordinances can operate harmoniously with the state law provisions in this field and with Department of Health rules adopted under the authority of such provisions.

Accordingly, we conclude that local ordinances restricting accessibility to abusable glues and aerosol paints by business patrons without assistance from business personnel are not per se preempted by the provisions of article 4476-15d for the entry of the state into this field. The viability of particular local ordinances would depend, of course, on the particular provisions of such ordinances which are not before us in connection with this request.

## S U M M A R Y

> Local ordinances restricting accessibility to abusable glues and aerosol paints by business patrons without assistance from business personnel are not per se preempted by the provisions of article 4476-15d for the entry of the state into this field.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General