

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 28, 1990

Robert Bernstein, M.D.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas    78756-3199

Opinion No. JM-1278

Re: Registration of installers of on-site sewage disposal systems, and related questions under chapter 366 of the Health and Safety Code (RQ-2037)

Dear Dr. Bernstein:

You ask three questions concerning state and local regulation of installers of on-site sewage disposal systems[1] under chapter 366 of the Health and Safety Code. Chapter 366 codifies article 4477-7e, V.T.C.S., which was repealed effective September 1, 1989, the date the Health and Safety Code took effect. Acts 1989, 71st Leg., ch. 678, § 13, at 3165.

Since your second question is narrower than your first, we will address it first. You ask whether an "authorized agent" as defined in chapter 366 may require installers to meet more stringent registration standards than those required by the Texas Department of Health [the "department"] pursuant to section 366.073. The registration of

---

1. On-site sewage disposal systems for purposes of chapter 366 are treatment devices and disposal facilities that produce not more than 5,000 gallons of waste each day, are used only for disposal of sewage produced on site, and are not regulated by the Texas Water Commission. Id. § 366.002(8). For the most part, these systems are septic tank systems, aerobic treatment plants and other treatment devices used by homeowners and small businesses. See generally Tex. Engineering Extension Service, Tex. A & M Univ. System, On-Site Sewerage Facilities 4-1 to 4-14, 6-1 to 6-12 (July 1989). Installers are persons who are compensated by others to construct, install, alter or repair on-site sewage disposal systems. Health & Safety Code § 366.002(5).

installers is covered by subchapter E of chapter 366.   It provides that no person may operate as an installer in Texas unless registered by the department or an authorized agent. Health & Safety Code § 366.071.  Section 366.073(a) requires the department to issue or authorize the issuance of installer registrations.  Section 366.073(b) provides that the department shall issue a registration to an installer if he completes both an application in compliance with chapter 366 and the training program provided by the department.

"Authorized agents" are local governmental entities designated by the department to implement and enforce chapter 366 and the rules adopted by the Texas Board of Health under chapter 366.  Health & Safety Code § 366.002(1); see also id. § 366.033.  For purposes of chapter 366, the phrase "local governmental entities" refers to municipalities, counties, river authorities or special districts.  Id. § 366.002(6).  According to section 366.011, either the department or an authorized agent has "general authority over the location, design, construction, installation, and proper functioning of on-site sewage disposal systems."  Neither subchapter E nor any other provision in chapter 366 or its predecessor, article 4477-7e, states that state registration in accordance with chapter 366 is exclusive or that authorized agents may not impose more stringent installer registration standards or require state registered installers to register locally.  In fact, the one reference in chapter 366 describing departmental registration of installers as "statewide" does not indicate any legislative intent to prohibit more stringent local regulation of installers.  See id. § 366.077(a) (permitting an authorized agent as well as the department to revoke an installer's "statewide registration" for violating chapter 366 or rules adopted under the chapter).

Subchapter C of chapter 366 requires a local governmental entity desiring designation as an authorized agent to hold a public hearing and adopt an order or resolution satisfying certain statutory requirements so that it rather than the department may exercise the general authority provided by section 366.011.  Health & Safety Code §§ 366.031-.032.  Designation takes effect when the department approves the order or resolution in writing. Id. § 366.031(b).

The order or resolution must satisfy the department's minimum requirements for on-site sewage disposal systems and include a written enforcement plan.  Id. § 366.032(a); see also id. § 366.034(b) (revocation of an authorized agent's designation if it does not consistently enforce the minimum requirements).  More stringent requirements are permissible,

however, in accordance with section 366.032(b) which provides:

> If the order or resolution adopts more strin-
> gent standards for on-site sewage disposal
> systems than this chapter or the department's
> standards and provides greater public health
> and safety protection, the authorized agent's
> order or resolution prevails over this
> chapter or the standards.

We conclude the legislature intended section 366.032(b) to authorize any governmental entity that is an authorized agent to adopt more stringent standards and for such standards to prevail after their adoption. Our construction is consistent with the language of article 4477-7e, from which section 366.032(b) was derived, and with the testimony presented to the legislature in 1987 on behalf of House Bill 1875, the bill that enacted article 4477-7e.

Section 366.032(b) modifies and combines language from sections 5(c) and 13 of article 4477-7e, V.T.C.S. Acts 1987, 70th Leg., ch. 406, at 1935, 1938. Section 5(c) stated "[t]he order or resolution may adopt more stringent standards for on-site sewage disposal systems than the department's standards." Id. at 1935. Section 13 stated:

> A local governmental entity's orders and
> rules that are more stringent than this
> article or rules adopted under this article
> and that provide greater protection to the
> public health or safety prevail in the local
> governmental entity's jurisdiction.

Id. at 1938. The language in section 5(c) that an "order or resolution may adopt more stringent standards for on-site sewage disposal systems" clearly constitutes authority for any governmental entity who is an authorized agent to adopt more stringent standards, and we conclude that the modifi-cation of this language from section 5(c) and its combina-tion with language from section 13 was not intended to make a change in the law.[2]

---

2. Repeal of these and other sections of article 4477-7e and enactment of chapter 366 was part of a non-substantive codification of existing health and safety laws and thus was not intended to make substantive legal changes.
(Footnote Continued)

Furthermore, the testimony offered in 1987 on behalf of House Bill 1875 supports our conclusion that the legislature intended counties and other local entities to have the power to adopt more stringent standards. Several speakers at a public hearing held in 1987 on House Bill 1875 referred to the bill as a means of implementing minimum standards statewide. Those speakers stated that minimum state standards would discourage incompetent installers from moving from counties that currently regulated sewage disposal systems and installers to counties without such regulations.[3] They also testified that the adoption of minimum state standards in conjunction with a grant of authority to authorized agents to collect permit fees, see Health & Safety Code § 366.059, would encourage additional counties to regulate sewage disposal systems locally and thereby avoid departmental regulation within their jurisdictions. No mention was made of any intent to restrict more stringent

---

(Footnote Continued)
Acts 1989, 71st Leg., ch. 678, § 14, at 3165 (legislation adopting the Health and Safety Code intended as recodification only; no substantive change intended); see also Johnson v. City of Fort Worth, 774 S.W.2d 653, 654-55 (Tex. 1989) (with regard to nonsubstantive revisions of statutory law, former statutes control over codified language in cases of conflict); Attorney General Opinion JM-1230 (1990).

3. In 1987 sections 26.031 and 26.032 of the Water Code authorized county commissioners courts to regulate private sewage facilities within their jurisdictions. Testimony at the public hearing indicated that between 70 and 110 counties were regulating sewage facilities and their installers locally. Hearings on Tex. H.B. 1875 Before the House Comm. on Natural Resources, 70th Leg. (March 25, 1987) (testimonies of Larry Soward and R.J. King) (tapes on file with House Technical Services). House Bill 1875 repealed sections 26.031 and 26.032 effective September 1, 1989, the date that the bill required the rules to be adopted by the state under article 4477-7e to take effect. Acts 1987, 70th Leg., ch. 406, §§ 2-3, at 1938. Given the current language of section 366.032(b) of the Health and Safety Code, the prior language of section 5(c), and the public testimony stating minimum state standards were needed for counties not regulating sewage disposal facilities, the repeal of sections 26.031 and 26.032 does not indicate any intent to deprive counties of their authority to regulate on-site sewage disposal facilities more stringently than the department.

local regulation or deprive entities such as counties that were currently regulating sewage facilities or their installers of their power to do so. See, e.g., Hearings on Tex. H.B. 1875 Before the House Comm. on Natural Resources, 70th Leg. (March 25, 1987) (testimonies of Mark Hoelscher, Larry Soward, Jack Purcell, R.J. King, representatives of various state and local entities) (tapes available from House Technical Services).[4]

The department's brief filed with us states that section 366.032(b) of the Health and Safety Code does permit authorized agents to adopt more stringent standards. The brief, however, concludes that authorized agents may adopt more stringent standards only with regard to on-site sewage disposal systems and not more stringent standards for the registration of installers who hold state registrations. We disagree with this conclusion.

Section 5(c) does expressly refer only to "more stringent standards for on-site sewage disposal systems" and does not contain express language referring to more stringent standards for installer registrations. Nevertheless, the language of section 366.032(b) permitting authorized agents in their orders or resolutions to adopt more stringent standards for on-site sewage disposal systems implies the powers necessary to carry out the grant of the express power. Terrell v. Sparks, 135 S.W. 519, 521 (Tex. 1911); Austin Road Co. v. Evans, 499 S.W.2d 194, 203 (Tex. Civ. App. - Fort Worth 1973, writ ref'd n.r.e.); 67 Tex. Jur. 3d Statutes § 118, at 701-02 (grant of express power conveys every incidental power necessary and proper to effectuate legislative grant). As stated earlier, no provision of chapter 366 or its predecessor, article 4477-7e, states that state registration is exclusive or that localities may not impose more stringent registration requirements.[5] Thus, an

---

4.   See also House Research Organization Daily Floor Report - Pt. Two on C.S.H.B. 1875 at 47 (May 6, 1987) (local government may adopt more stringent standards than the department).

5.   One speaker testifying at the 1987 public hearing on House Bill 1875 stated that the bill would not prevent a local entity from imposing more stringent standards if it wanted to license installers and require some additional training. That speaker had participated in the Texas Rural Water Quality Task Force whose work resulted in House Bill
(Footnote Continued)

authorized agent who adopts more stringent standards for on-site sewage disposal systems in its order or resolution pursuant to section 366.032(b) may adopt more stringent standards for local registration of installers if those standards are necessary to ensure that local installers will satisfy the agent's more stringent disposal system standards.[6]

We now turn to your first question. You ask if local governmental entities, whether or not designated as authorized agents, may impose certain specific requirements on installers who hold state registrations. You describe the requirements as "paying fees, attending training courses, posting surety bonds, or obtaining licenses or registrations." The department's brief contends that chapter 366 preempts all local regulation not in conformance with its provisions. You have not provided us with the texts of any existing local orders, resolutions or ordinances adopting such requirements. You also have not indicated either the type of entity imposing the requirements or the legal authority relied upon to impose specific local requirements. Accordingly, we answer your question only generally.

We address this question first with regard to local governmental entities that have been designated as authorized agents and that possess the power to regulate on-site sewage disposal systems only under chapter 366. Consistent with our first answer, authorized agents that have adopted in their orders or resolutions more stringent standards for on-site sewage disposal systems pursuant to section 366.032 may adopt additional regulatory requirements necessary to achieve those more stringent standards as long as the additional requirements do not directly conflict with chapter 366. Consequently, to be valid, requirements for local fees, training, bonds, licenses, or registrations must ensure compliance with the more stringent standards adopted

---

(Footnote Continued)
1875. _Hearings on Tex. H.B. 1875_, _supra_ (testimony of R.J. King, speaking on behalf of the Texas Department of Agriculture).

6. An agent's more stringent system or installer standards must not directly conflict with the department's minimum standards. _See_ _infra_ Note 7 and accompanying text; _see also_ Attorney General Opinion JM-790 (1987) (local regulation preempted if in direct conflict with state law that does not exclusively occupy the field).

by authorized agents for sewage disposal systems within their jurisdictions.

We next turn to local governmental entities that possess statutory or other legal authority outside of chapter 366 to regulate on-site sewage disposal systems and their potential threat to the environment and public health. These entities may or may not be designated as authorized agents. Local regulations are preempted by state law only if the regulations are expressly prohibited by state law, if the legislature intended state law to exclusively occupy the field, or if the regulations directly conflict with state law. See Attorney General Opinions JM-790, JM-619 (1987).

As we previously stated, we do not find in chapter 366 or in its predecessor, article 4477-7e, any express prohibition against local regulations that reflect local soil and water conditions as well as local public health concerns. Compare Attorney General Opinion JM-1195 (1990) (express statutory provision that local licenses not required) with Attorney General Opinion JM-994 (1988) (no express prohibition in Controlled Substances Act on local regulation of abusable glues). Furthermore, the legislature expressly repealed only sections 26.031 and 26.032 of the Water Code when it passed House Bill 1875, and even then it replaced those sections with section 5(c) of article 4477-7e, now section 366.032(b) of the code. See supra, n.3. No provision of either chapter 366 or article 4477-7e suggests the legislature intended to repeal by implication any legal authority to regulate on-site sewage disposal systems at the local level.

Implicit in our first answer was the determination that the legislature did not intend chapter 366 or its predecessor, article 4477-7e, to exclusively occupy the field of on-site sewage disposal regulation. Read as a whole, chapter 366 imposes minimum statewide standards and a state registration requirement to protect communities within counties imposing little or no regulation. Chapter 366 does not indicate any legislative intent to negate equivalent or more stringent local regulation authorized by the charters of home rule cities or by state laws. Compare Attorney General Opinion JM-1195 (1990) (insurance coverage required by state law indicates legislative intent to preempt local bond requirements) and Attorney General Opinion JM-790 (1987) (detailed state landlord and tenant law indicates legislative intent to occupy field and preempt all local regulation) with Attorney General Opinion JM-994 (1988) (state authority to regulate sale of abusable glues does not per se preempt local ordinance requiring business personnel to assist customers in such sales) and Attorney General

Opinion JM-226 (1984) (state public health statutes do not preempt municipal standards for storage of hazardous waste).

In addition, various speakers at the public hearing in 1987 referred to a need for statewide minimum requirements and the creation of incentives to encourage more counties to regulate on-site systems. No speaker described House Bill 1875 as a restriction on or implied repeal of local powers to promote the public health and protect the environment. See, e.g., Hearings on Tex. H.B. 1875, supra (testimonies of Mark Hoelscher, Wayne Farrell, Larry Soward and R.J. King). Thus, we conclude that the legislature did not intend to occupy the field of on-site sewage disposal system regulation.

Nevertheless, local governmental entities may not adopt regulations that impose standards in direct conflict with chapter 366.[7] Standards less stringent than those imposed under chapter 366 would directly conflict with state law and thus would be preempted. See Health & Safety Code §§ 366.032(a)(2), 366.034(b). Also preempted would be local regulations allowing installers to construct or alter on-site sewage disposal systems locally without state registrations or approved permits as required by chapter 366. See id. §§ 366.051, 366.071. Furthermore, additional permit fees for costs covered by the state permit fees would directly conflict with state law. Additional registration and licensing fees also may not be charged by local entities for costs already covered by the state registration fees. Id. §§ 366.001(2), 366.058, 366.074. Conclusive determination of the validity of a particular fee, license,

---

7. Local entities, however, may adopt local regulations that are ancillary to and in harmony with the general scope and purpose of the state law. City of Brookside Village v. Comeau, 633 S.W.2d 790, 796 (Tex.), cert. denied, 459 U.S. 1087 (1982) (general law city). A local regulation and a state law should not be found repugnant if any reasonable construction can give effect to both provisions. Johnson v. City of Dallas, 702 S.W.2d 291 (Tex. App. - Dallas 1985, writ ref'd n.r.e.) (home rule city). Limitations on local power will not be implied unless the provisions of the general law "are clear and compelling." Lower Colorado River Auth. v. City of San Marcos, 523 S.W.2d 641, 645 (Tex. 1975) (home rule city); see also City of Weslaco v. Melton, 308 S.W.2d 18, 21 (Tex. 1957) (more stringent regulation by home rule city in some instances constitutes a separate field of regulation).

registration, bonding or training requirement, however, would depend on factual determinations that cannot be made as part of the opinion process.

Your last question concerns the registration of licensed plumbers as installers. You ask whether individuals licensed as plumbers in accordance with article 6243-101, V.T.C.S., must be registered as installers as required by chapter 366.

Chapter 366 does not exempt state licensed plumbers from its registration requirements. Section 366.071 requires all persons operating as installers of on-site sewage disposal systems in this state to be registered by the department or an authorized agent. As mentioned earlier, an "installer" is defined by section 366.002(5) as any person who receives compensation from another to construct, install, alter, or repair on-site sewage disposal systems. See also 25 T.A.C. §§ 301.107(a)(5), 301.107(j) (property owner exempt from registration with regard to facilities on his property).

Neither does article 6243-101 exempt licensed plumbers from the registration requirements of chapter 366. Section 3(e) of that article currently provides that plumbers holding a license from the Texas State Board of Plumbing Examiners are not "required to be licensed by any other board or agency when installing or working on a lawn irrigation system." No other provision of article 6243-101 or any other state law exempts licensed plumbers from the registration requirements of chapter 366.

We are aware that the statutory definitions of "plumbing" and "on-site sewage disposal system" create some regulatory overlap. See V.T.C.S. art. 6243-101, § 2 (plumbing includes all piping, appurtenances and appliances for the elimination of sewage, including disposal systems); Health & Safety Code § 366.002(8) (one or more treatment or disposal systems producing not more than 5,000 gallons of on-site waste daily). Although particular actions may fall within only one of the two definitions or within both definitions, we are unable to resolve questions of fact in the opinion process. Thus, we limit our discussion to the legal issue of whether a state licensed plumber must obtain a state installer registration to operate as an installer for purposes of chapter 366.

With regard to the legal issue, this office has previously held that statutory exemptions are necessary to avoid state licensing requirements. See, e.g., Attorney General Opinion H-495 (1975); see also Attorney General Opinion

H-960 (1977) (affirming holding of H-495); Attorney General Opinion H-890 (1976) (state agencies cannot create by contract licensing exemptions not available by statute). Therefore, we conclude that individuals holding valid state plumbing licenses must also be registered as installers in accordance with chapter 366 before constructing, installing, repairing, or altering an on-site sewage disposal system in this state for compensation.

## S U M M A R Y

A local governmental entity that has been designated an authorized agent for purposes of chapter 366 of the Health and Safety Code may adopt more stringent standards for on-site sewage disposal systems in its order or resolution pursuant to section 366.032(b) of the code. An authorized agent that adopts more stringent standards for on-site sewage disposal systems pursuant to that section may adopt more stringent standards for local registration of installers if those standards are necessary to ensure that local installers will satisfy the agent's more stringent disposal system standards. Thus, authorized agents are authorized by section 366.032(b) to require additional fees or training, local licenses or registrations, and the posting of surety bonds if necessary to ensure accomplishment of their more stringent standards for on-site sewage disposal systems. Local standards must not directly conflict with chapter 366 of the Health and Safety Code.

Furthermore, chapter 366 of the Health and Safety Code does not preempt local regulations not directly in conflict with its requirements that are adopted by local governmental entities in accordance with other legal authority. Thus, local governmental entities, whether or not they are designated as authorized agents, may adopt more stringent requirements than the state for on-site sewage disposal systems and their installers if they possess the legal authority to do so and if such requirements do not directly conflict with chapter 366.

Individuals who hold state plumbing licenses in accordance with article 6243-101,

V.T.C.S., must obtain state installer registrations as required by chapter 366 to construct, install, alter or repair on-site sewage disposal systems for compensation in this state.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Celeste A. Baker
Assistant Attorney General